ERIC GRANT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>BRIAN FORNES.<br><br>                    Defendant. | CASE NO.  1:25-CR-00132-JLT-SAB<br><br>STIPULATION TO SET CHANGE OF PLEA HEARING AND EXCLUDE TIME; ORDER |

**STIPULATION**

1.      By previous order, this matter was set for a status conference hearing on June 3, 2026.  By this stipulation, defendant moves to vacate the status conference and set a change of plea hearing on June 22, 2026.

2.      The parties agree and stipulate that on April 29, 2026, the parties filed a signed plea agreement.  Pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(1)(G), the period from April 29, 2026, through June 22, 2026, is automatically excluded from the computation of time within which trial must commence.

3.      By this stipulation, defendant also moves to exclude time between June 3, 2026, and June 22, 2026, under 18 U.S.C. §§ (h)(7)(A), (B)(iv), for the following reasons:

          a)      The government has represented that the discovery associated with this case is voluminous.  The discovery includes, but is not limited to, intercepted phone calls and messages, cell phone extractions, investigative reports, pole camera footage, photographs, and other video recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

Stipulation

1

b)      Although the parties anticipate the defendant will enter a guilty plea and that the Court will accept the plea, counsel for defendant requires additional time to prepare for trial in the event the change of plea is not accepted, does not proceed, or is subsequently withdrawn, including additional time to review the voluminous discovery described above; review that discovery with the defendant; conduct an independent investigation into the facts and circumstances of the offense; investigate matters of extenuation and mitigation relevant to sentencing, including researching applicable sentencing guidelines and potential enhancements; and gather information, records, and letters of support bearing on sentencing arguments.

c)      The additional time requested is necessary to ensure the effective assistance of counsel.  Without this continuance, counsel will be unable to complete the foregoing tasks with the diligence required under the circumstances.  Failure to grant the requested continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

4.      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 3, 2026 to June 22, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ (h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///

///

///

Stipulation

Dated: April 30, 2026                                    Respectfully submitted,

                                                         ERIC GRANT
                                                         United States Attorney


                                          By      */s/ Antonio J. Pataca*
                                                  ANTONIO J. PATACA
                                                  Assistant United States Attorney


Dated: April 30, 2026                     By:     */s/ Richard Beshwate*
                                                  RICHARD BESHWATE
                                                  Attorney for Defendant
                                                  Brian Fornes

Stipulation                                      3

ORDER

The Court, having received and considered the Stipulation of the parties, and good cause appearing therefore, hereby FINDS and ORDERS as follows:

The Court vacates the status conference hearing on June 3, 2026, and sets a change of plea hearing on June 22, 2026 at 9:00 AM in Courtroom 4 before District Judge Jennifer L. Thurston.

The Court further finds that in the event the change of plea is not accepted, does not proceed, or is subsequently withdrawn, counsel will require additional time to prepare for trial for the reasons set forth in the parties' Stipulation.

The Court further finds that failure to grant the requested continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation of counsel, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).  Accordingly, the period from June 3, 2026, through June 22, 2026, is hereby EXCLUDED from the computation of time within which trial must commence pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

The defendant is ordered to appear.

IT IS SO ORDERED.

Dated:   **April 30, 2026**

_____

STANLEY A. BOONE
United States Magistrate Judge

Stipulation                                                    4